UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARL B. JOHNSON, )<br>)<br>    Petitioner, )<br>)<br>  vs. )<br>)<br>DAVE DORMIRE, )<br>)<br>    Respondent. ) | Case No. 4:09CV919ERW/MLM |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the court is the Motion Requesting a Stay and Abeyance filed by Petitioner Carl B. Johnson. Doc. 9. Petitioner has requested that the court stay his § 2254 habeas petition pending the appeal of his State post-conviction relief motion. Petitioner previously provided the court with a letter from the Missouri State Public Defender System informing him that the brief in support of his State post-conviction relief appeal is due August 28, 2009. Doc. 7.

Prior to considering the merits of a state petitioner's habeas claim, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). "If not, the federal court must determine if the exhaustion requirement has nonetheless been met because there are no 'currently available, non-futile remedies,' through which the petitioner can present his claim." Id. (citation omitted).

Faced with a § 2254 petition which includes both exhausted and non-exhausted claims "a district court ... has discretion to enter a stay to allow the petitioner to present his unexhausted claims to the state court in the first instance, preserving the petitioner's ability to return to federal court for review of his perfected petition." Akins v. Kenney, 410 F.3d 451, 455 (8th Cir. 2005) (citing Rhines

v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1534-35 (2005)). "'[S]tay and abeyance is only appropriate when the district court determines there [is] good cause for the petitioner's failure to exhaust his claims first in state court.'" Id. at 455 (quoting Rhines, 125 S.Ct. at 1535). It is within a district court's discretion to determine whether it should stay §2254 habeas proceedings. Id. at 456.

In Petitioner's case, he raises in his § 2254 Petition, as Ground 1, the issue which he raised on direct appeal to the Missouri appellate court. See State of Missouri v. Johnson, 2008 WL 426356 (Petitioner's Direct Appeal Brief). The Missouri appellate court denied Petitioner's direct appeal on June 10, 2008. State of Missouri v. Johnson, 254 S.W.3d 919 (Mo. Ct. App. 2008). Petitioner also presents grounds for habeas relief which were not raised in his direct appeal and which may be raised in his post-conviction relief appeal, the brief of which is not due until August 2009. Petitioner asks this court to stay proceedings in the matter under consideration pending the finality of his post-conviction relief appeal.

Petitioner has not exhausted his State remedies in regard to the appeal of his post-conviction relief motion. Further, Petitioner has not suggested good cause to stay his § 2254 pending the exhaustion of his State remedies. In fact, Petitioner is in the process of exhausting his State remedies. As such, the court finds, upon exercising its discretion, that Petitioner's request to stay his § 2254 Petition should be denied. Rather, the court finds that Petitioner should be given the options of withdrawing his § 2254 Petition and refiling upon exhaustion of his State remedies or of proceeding with his exhausted claim. **Petitioner is advised that the 1-year statute of limitations applicable to his § 2254 Petition has already run from the date the Missouri appellate court issued its mandate in Petitioner's direct appeal until the date Petitioner filed his post-conviction relief motion.** See Beery v. Ault, 312 F.3d 948, 950 (8th Cir. 2002). **The statute is tolled while**

2

**Petitioner's State post-conviction relief is pending and will commence running when the Missouri appellate court issues its mandate in the appeal of his post-conviction relief motion.**

Accordingly,

**IT IS HEREBY RECOMMENDED** that Petitioner's Motion Requesting a Stay and Abeyance be **DENIED**; Doc. 9

**IT IS FURTHER RECOMMENDED** that Petitioner be given thirty (30) days from the date the district court adopts this Memorandum opinion to either withdraw his § 2254 Petition or file an amended Petition which does not include unexhausted claims. In the event that Petitioner does neither, the court recommends that Petitioner's § 2254 be dismissed, without prejudice.

The parties are advised that Petitioner has eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of July, 2009.